IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF A.G., DECEASED
By COURTNEY HERSHBERGER, Personal Representative, and Mother of
A.G., and COURTNEY HERSHBERGER, individually

      Plaintiffs,

vs.
                     Case No.
                     Hon.

UNITED STATES OF AMERICA,
LAKELAND MEDICAL PRACTICES a, Mich. Corp.,
d/b/a SOUTHWESTERN MEDICAL CLINIC-NILES
KAREN ZIENERT M.D.,
JENNIFER YOUNG NP,
LAURIE GEE, NP
      Jointly and severally

      Defendants,

_____/
GERALD THURSWELL (P21448)
ARDIANA CULAJ (P71553)
THE THURSWELL LAW FIRM P.L.L.C.
Attorney for Plaintiffs
1000 Town Center, Suite 500
Southfield, MI 48075
(248) 354-2222
_____/

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

## **PLAINTIFF'S COMPLAINT AND AFFIDAVITS OF MERITORIOUS CLAIM**

NOW COME the above-named Plaintiffs by their attorneys, ARDIANA CULAJ, of THE THURSWELL LAW FIRM, and complaining against the above-named Defendants, their agents, servants and/or employees, either real or ostensible, and say as follows:

## I.

## JURISDICTION, PARTIES AND VENUE

1. That this is a medical malpractice/wrongful death claim brought in part under the Federal Tort Claims Act for severe and permanent injuries arising out of negligent acts or omissions of employees, agents, apparent agents, servants or representatives of the Defendant United States of America (hereinafter may be referred to as "USA") while acting within the course and scope of their employment, agency, apparent agency, servitude, or representative capacity, under circumstances where the United States of America, if a private person, would be liable to the Plaintiffs under the laws of the State of Michigan where the acts and/or omissions occurred.  This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §1346 (b).

2. That at all times relevant and/or material to these matters, the employees, agents, apparent agents, servants or representatives of the United States were subject to the United States' right to control, including substantial supervision and direction over their day-to-day activities.

3. That the Plaintiff Courtney Hershberger (hereinafter may be referred to as "Courtney" or "Courtney Hershberger), in an individual residing in the County of Berrien, Michigan.

4. That at all times relevant to this Complaint, the Defendant, United States of America, was the employer of health care providers who administered care and treatment to Plaintiffs' decedent, A.G, at Cassopolis Family Clinic-OB/GYN, in Niles, Michigan.

5. That the United States of America is a Defendant.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan  48075-1221

(248) 354-2222

2

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

6. That Defendant United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint on Acting United States Attorney for the Western District of Michigan, 330 Ionia Avenue, N.W., Suite 501, Grand Rapids, Michigan, 49503 to the attention of the Civil Process Clerk and by serving a copy of the Summons and Complaint on Attorney General of the United States of America, by registered or certified mail, to the Attorney General's Office, 10th and Constitution Avenue, N.W., Washington, D.C. 20530, to the attention of the Civil Process Clerk.

7. That venue is proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(a)(1) and (c) as the United States is a Defendant and because all or part of the cause of action accrued in this District and because the Plaintiff resides in this District.

8. That this medical malpractice/wrongful death claim is also against the following Defendants: Lakeland Medical Practices, d/b/a Southwestern Medical Clinic-Niles, Karen Zienert MD., Jennifer Young NP, and Laurie Gee NP

9. That Defendant, Lakeland Medical Practices, d/b/a Southwestern Medical Clinic-Niles, is a Michigan corporation, authorized to do business in the City of Niles, County of Berrien, and State of Michigan.

10. That Defendant Dr. Karen Zienert is a resident of Berrien County, Michigan.

11. That Defendant Jennifer Young NP is a resident of Berrien County, Michigan.

12. That Defendant Laurie Gee NP, is a resident of Berrien County, Michigan.

13. That this Court has supplemental jurisdiction over all claims asserted in this action against each and every Defendant under 28 USC § 1367 as

they are so related to the claim asserted against Defendant United States of America that they form part of the same case or controversy.

## II.

## LIABILITY OF THE UNITED STATES OF AMERICA

14.   That this case is commenced and prosecuted against the United States of America pursuant to and in compliance with Title 28 U.S.C. §§2671-2680, commonly referred to as the "Federal Tort Claims Act." Liability of the United States is predicated specifically on Title 28 U.S.C. §§1346(b)(1) an d 2674 because the personal injuries and resulting damages of which complaint is made, were proximately caused by the negligence, wrongful acts or omissions of employees of the United States while acting within the scope of their office or employment, under circumstances where the United States, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the State of Michigan.

15.   That the United States Department of Health and Human Services is an agency of the United States of America. The United States of America, Defendant, through its agency, the United States Department of Health and Human Services, at all times material hereto, owned, operated and controlled the health care facility known as Family Health Center at Battle Creek-Women's Health, and though its agency, the United States Department of Health and Human Services, staffed the health care facility with agents, servants, and/or employees.

## III.

## "FTCA" JURISDICTIONAL PREREQUISITES

16.   That on or about November 30, 2020, the Plaintiffs filed their administrative claims based on the facts alleged herein with the appropriate federal agency – The Department of Health and Human Services – for damages arising out of the wrongful death of A.G., based on the negligence of the United States' employees, agents, apparent agents, servants or representatives, practicing in the course and scope of

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

their employment with Cassopolis Family Clinic-OB/GYN, in Niles, Michigan.

17.   That on December 16, 2021, the United States Department of Health and Human Services denied these claims. Accordingly, Plaintiffs have complied with all jurisdictional prerequisites and conditions precedent to the commencement and the prosecution of this litigation.

## IV.

## FACTS

18.   Prior to becoming pregnant in 2018, Courtney Hershberger had a history 2 prior miscarriages.  She had a miscarriage on or about 7/14/2017. She had another miscarriage on or about 11/18/2017, which was a twin pregnancy.  P1

19.   On **1/8/2019**, Courtney Hershberger was 24 years old and 10 weeks 5 days pregnant when she presented to Cassopolis Family OB/GYN clinic for prenatal care. P4.

20.   On 1/8/2019, Courtney Hershberger was seen by Tonia Petruska, LPN. LPN Petruska noted Courtney's history of 2 prior miscarriages. P5.

21.   Upon information and belief, Defendant Karen Zienert was the supervising OB/GYN on 1/8/2019.

22.   On 1/8/2019. LPN Petruska also noted that Courtney was "lupus anticoagulant positive"

23.   On 1/8/2019, it was also noted that prescription was sent to the pharmacy for PNV (prenatal vitamins): Fe, Ca++, and folic acid.

24.   No prescription was sent for heparin on 1/8/2019 even though the records indicate that Courtney was "lupus anticoagulant positive.  P5

25.   On 1/8/2019, the following labs were ordered that day: blood test, HBsAG, a urine culture, and HIV. P1.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan  48075-1221
(248) 354-2222

26. On **1/18/2019**, Elaine Priest RN signed an addendum to Courtney's medical chart indicating: "positive lupus anticoagulant, SAB x 2" P2. It was noted on **3/9/2018**: "this may be the cause of recurrent pregnancy loss. Will treat with ASA and heparin in future pregnancies. EM **(Dr. Eeka W. Marshall)** P3

27. On **1/22/2019**, Courtney Hershberger presented to Cassopolis Family OB/GYN for a prenatal visit at 12 weeks, 5 days gestation.

28. On 1/22/2019, Plaintiff saw **Elaine Priest RN** and Laurie **A. Gee NP** on that day. **Elaine Priest RN** indicated that per EM **(Dr. Eeka W. Marshall)** Courtney "is to **take ASA (aspirin) and heparin** for her positive lupus anticoagulant diagnosis" P7.

29. On 1/22/2019, Defendant Laurie Gee NP noted that this was Courtney's initial prenatal visit. This is incorrect because the records show that Courtney presented for her prenatal visit on 1/8/2019.

30. On 1/22/2019, Defendant Laurie Gee NP, indicated that Courtney is to "**start low-dose ASA once daily**, Rx (prescription) faxed."

31. On 1/22/2019, Defendant Laurie Gee NP did not prescribe Heparin to Courtney nor did she notify the supervising OB/GYN about the need for heparin. P7

32. On 1/22//2019, Defendant **Laurie Gee NP** indicated that Courtney was to have a "f/u (follow up) visit in 2 weeks with physician for PNV (prenatal visit) and chart review (previous notes states ? heparin use with pregnancy). P8

33. On **2/8/2019,** at 1:45 am, Plaintiff Courtney Hershberger presented to the Emergency Department in Lakeland Hospital, Niles, Michigan, with a chief complaint of vaginal bleeding. She was concerned that she may be miscarrying the baby. Lakeland records, P166.

34. On 2/8/2019, a bedside ultrasound was done. There was no fetal movement or heartbeat. It was noted that the baby had passed away spontaneously. Lakeland records, P168.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

35.     The records of Lakeland Hospital Niles, indicate in part as follows: **"2/8/2019** 2:26 am, Pt and husband sobbing in room. Aware that US is coming to department, provided with pads and change of pants. Pt's mom in hallway, crying…P181

36.     The records of Lakeland Hospital Niles, indicate in part as follows: **"2/8/2019** 4:08 am. Pt crying, verbalized understanding of plan of care as detailed by Dr. McEachen. Complains of abd pain but denies other symptoms. Continues to bleed and pass clots but has not statured the pad at this time." Terri Hammond RN. P176

37.     The records of Lakeland Hospital Niles, indicate in part as follows: **2/8/2019** 4:44 am. Pt to bathroom again, passed fetus. Collected and placed respectfully in collection container." Terri Hammond RN. P176

38.     The records of Lakeland Hospital Niles, indicate in part as follows: **2/8/2019** 5:44 am.  Reviewed documentation with family, completed forms and taken with fetus to lab. Funeral home selected is Halbritter Wickens…" Terri Hammond RN. P176

39.     The records of Lakeland Hospital Niles, indicate in part as follows: **2/8/2019**.  **FINAL PATHOLOGIC DIAGNOSIS**: Products of conception…fetus identified, gross only examination…. Early second trimester placental disc (30g). Appropriate villous maturation for gestational age. Large areas of infarct and intervillous fibrin deposition with entrapped devitalized villi (see Comment), fetal membranes with laminar necrosis of the attached decidua. Unremarkable tri-vascular umbilical cord. **Comment:** …Maternal vascular malperfusion is classically associated with preeclampasia and interuterine growth restriction; however other important association includes **fetal demise**, systemic lupus erythematosus and **antiphospholipid antibody syndrome**. P193.

40.     On **2/8/2019,** Courtney presented to Cassopolis Family OB/GYN for what was supposed to be her 15.1 week prenatal visit. However, instead she presented for a check-up following the loss of her baby in the Emergency Room earlier that day.  Dr. Karen Zienert saw Courtney that day.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

41.   **Dr. Zienert's** note of 2/8/2019 indicates as follows:

"In ED overnight for miscarriage/delivery of 14 weeks size baby, Alexander. Feels appropriately devastated. FOB and her mom are here too…Reviewed that her dx (diagnosis) is not Lupus, it is Antipholopholipid Antibody Syndrome. Anticoagulation (prophylactic) is recommended during pregnancy to reduce (not eliminate) her risk of thrombosis. Had cut smoothing 'way down' so she was commended for that." P8

42.   On **2/17/2019**, Courtney saw Dr. Zienert at Cassopolis Family OB/GYN for postpartum care.  Dr. Zienert noted under assessment: **Antiphospholipid syndrome.** Dr. Zienert instructed Courtney to return to the clinic in 1 month (around 3/15/2019) for another post-partum visit.  P8-9.

43.   On 2/17/2019, Dr Zienert also noted "**recurrent miscarriages, positive LAC (+ lupus anticoagulant), on ASA (aspirin) and lovenox**." P2. Contrary to Dr. Zienert's note, lovenox was not prescribed by any of the care providers during Courtney's pregnancy at issue.

44.   On **3/22/2019,** Courtney returned to Dr. Zienert at Cassopolis Family OB/GYN for another postpartum care visit requested by Dr. Zienert.  It was noted that baby Alexander was delivered on 2/8/2019. Antiphospholipid antibody syndrome was noted as an antepartum complication. Postpartum depression/grieving were noted as postpartum complications. P9-11.

45.   Dr. Zienert's note of 3/22/2019 indicates in part as follows:

"**Your diagnosis is Antiphospholipid Antibody Syndrome**, your diagnosis is **not** Lupus. **Unfortunately, the antibody test that was positive has a stupid name: Lupus Anticoagulant.  It has nothing to do with lupus.** After 2-3 miscarriages, especially late ones, the test is 2 blood draws about 12 weeks apart. There is no treatment for when you're not pregnant. When you are pregnant, you need medication that's an anticoagulant to prevent

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

blood clots. There used to be a note to remind people in the clinic about that, now there are two." P11

46.    On **10/30/2019,**  Plaintiff saw Defendant Dr. Zienert.  Dr. Zienert indicates in her note that Courtney was diagnosed with antiphospholipid antibody syndrome in 2018 after a second trimester loss, and subsequently there was some confusion about being not diagnosed with lupus.

47.    On 10/30/2019, Dr. Zienert noted that on 1/22/19 presented for prenatal care, and provider thought diagnosis was lupus and not APS and started baby ASA instead of heparin. P311.

48.    On 10/30/2019, Dr. Zienert noted as follows:

**Hopefully now that her actual history, workup and diagnosis is outlined in this note, there will be no more confusion about lupus.** She has not been diagnosed with any type of connective tissue disorder, she has an acquired thrombophilia called antiphospholipid antibody syndrome. Once a viable pregnancy is diagnosed at 8 weeks size, anticoagulation with heparin (or similar) will be recommended. P312

## V.

## CLAIM FOR NEGLIGENCE OF DEFENDANT UNITED STATES OF AMERICA

46.    That Defendant, the United States of America, by and through its agents, apparent agents, employees, servants, representatives, and contractors, undertook duties to provide proper care to Plaintiff's decedent, A.G., with the level of care, skill, and treatment that is recognized as acceptable and appropriate by reasonably prudent health care providers.

47.    That at all times material herein, a patient-health professional relationship existed between Plaintiff mother and/or Plaintiff's decedent and Defendant **Dr.  Karen Zienert, OB/GYN.**

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

48. That at all times material herein, a patient-health professional relationship existed between Plaintiff's decedent and **Jennifer Young NP.**

49. That at all times material herein, a patient-health professional relationship existed between Plaintiff's decedent and **Laurie Gee NP.**

50. That at all times material herein, a patient-health professional relationship existed between Plaintiff's decedent and **Tonia Petruska LPN.**

51. That at all times material herein, a patient-health professional relationship existed between Plaintiff's decedent and **Elaine Priest, RN.**

52. That at all times material herein, there was a patient-health professional relationship between health care professionals and Plaintiffs who cared for Plaintiffs at Cassopolis Family Clinic OB/GYN which health care professionals were the agents, servants or employees of Defendant USA, either real or ostensible.

53. That at all times material herein, Defendant USA'S employee and/or agent, **Tonia Petruska**, was a certified licensed practical nurse in the State of Michigan.

54. That at all times material herein, Defendant USA'S employee and/or agent, **Elaine Priest RN**, was a licensed registered nurse in the State of Michigan.

55. That **Tonia Petruska LPN**, was the agent, servant or employee of Defendant United State of America, either real or ostensible, and was acting in the course and scope of said employment when said nurse violated the standard of practice of her profession in the care and treatment of Plaintiffs as stated herein.

56. That **Elaine Priest RN**, was the agent, servant or employee of Defendant United State of America, either real or ostensible, and was acting in the course and scope of said employment when said nurse violated the standard of practice of her profession in the care and treatment of Plaintiffs as stated herein.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

57. That **Cassopolis Family Clinic OB/GYN** is liable to Plaintiffs herein under the doctrine of respondeat superior, either real or ostensible, for the malpractice of **Tonia Petruska LPN and Elaine Priest RN** as alleged herein.

58. That **Cassopolis Family Clinic OB/GYN** is a federally funded healthcare facility owned, operated and controlled by the United States of America through its agency, U.S. Department of Health and Human Services.

59. That at all times material hereto, **Tonia Petruska LPN and Elaine Priest RN** when rendering health care services to Plaintiffs herein, were the agents, servants and/or employees of the U.S. Department of Health and Human Services, or some other agency thereof, and was at all times material hereto, acting within the course and scope of such employment.

60. That at all times material herein, a patient-doctor relationship existed between Plaintiff mother and/or Plaintiff's decedent and **Defendant Karen Zienert.**

61. That at all times material herein, a patient-nurse relationship existed between Plaintiff mother and/or Plaintiff's decedent and **Defendant Jennifer Young NP.**

62. That at all times material herein, a patient-nurse relationship existed between Plaintiff mother and/or Plaintiff's decedent and **Defendant Laurie Gee NP.**

63. That at all times material herein, there was a patient-doctor relationship between doctors and nurses who cared for Plaintiff mother and/or Plaintiff's decedent at Defendant Lakeland Medical Practices, d/b/a Southwestern Medical Clinic-Niles, which doctors and nurses were the agents, servants or employees of Defendant Hospital, and/or Defendant Cassopolis Family Clinic OB/GYN, either real or ostensible.

64. That at all times material herein, **Defendant, Karen Zienert** was a physician duly licensed to practice medicine in the State of Michigan.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan  48075-1221

(248) 354-2222

65.     That when Plaintiff mother and/or Plaintiff's decedent were admitted to Defendant clinics herein, Plaintiff mother and/or Plaintiff's decedent were admitted as <u>staff patients</u> and a doctor or doctors or nurses were assigned pursuant to hospital procedures, by Defendants here to care for Plaintiff mother and/or Plaintiff's decedent and said doctors and nurses were the agents, servants and/or employees of said Defendants herein, either real or ostensible.

66.     That **Defendants Dr.  Karen Zienert**, **Jennifer Young NP, and Laurie Gee** NP, were the agents, servants or employees of Defendant Lakeland Medical Practices, d/b/a Southwestern Medical Clinic-Niles, either real or ostensible, and were acting in the course and scope of said employment when said Defendants treated Plaintiff mother and/or Plaintiff's decedent and violated the standard of practice of their profession in the care and treatment of Plaintiff mother and/or Plaintiff's decedent as stated herein.

67.     That  Defendants, and each of them, are liable to Plaintiff mother and/or Plaintiff's decedent herein under the doctrine of respondeat superior, either real or ostensible.

68.     That Corporate Defendants Bronson Battle Creek Hospital and/ or Defendant Family Health Center of Battle Creek- Women's Health and each of them, are liable to Plaintiffs herein under the doctrine of respondeat superior, either real or ostensible.

<u>**BREACHES OF THE STANDARD OF PRACTICE OR CARE IN THIS CASE BY OBSTETRICIAN/GYNECOLOGIST DR. ZIENERT**</u>

69.     That at all times material herein, in light of the state of the art existing at the time of the medical malpractice as alleged herein, the Defendants, individually and/or through their agents or employees, owed a duty to Plaintiff  pursuant to the medical professional relationship that existed between them, and/or owed the following duties to Plaintiff, as a third-party beneficiary pursuant to the implied and/or expressed contract between them, Defendants  **Dr. Karen Zienert MD**., breached the aforementioned duties in at least one and possibly more of the following particulars, so far as it is presently known, by failing:

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

a.  To exercise reasonable skill and diligence to timely prescribe heparin in addition to aspirin to Plaintiff Courtney Hershberger for her positive lupus anticoagulant test and her history of 2 prior pregnancy losses.

b.  To exercise reasonable skill and diligence to timely prescribe heparin in addition to aspirin to Plaintiff Courtney Hershberger for her positive lupus anticoagulant test.

c.  To exercise reasonable skill and diligence to timely prescribe heparin in addition to aspirin to Plaintiff Courtney Hershberger for her history of 2 prior pregnancy losses.

d.  To exercise reasonable skill and diligence to timely notify the nurse practitioner Laurie Gee to timely prescribe heparin in addition to aspirin to Plaintiff Courtney Hershberger for her actual and/or presumed diagnosis of ASP (Anti-phospholipid syndrome).

e.  To exercise reasonable skill and diligence to timely review Plaintiff's medical chart, and timely learn that Plaintiff Courtney Hershberger had a positive Anti-phospholipid syndrome test.

f.  To exercise reasonable skill and diligence to timely review Plaintiff's medical chart, and timely learn that Courtney was to "**take ASA (aspirin) and heparin**" for her positive lupus anticoagulant diagnosis as soon as she became pregnant.

g.  To exercise reasonable skill and diligence to adequately supervise Tonia Petruska LPN.

**BREACHES OF THE STANDARD OF PRACTICE OR CARE IN THIS CASE BY JENNIFER YOUNG FNP AND LAURIE A. GEE NP**

70.  That at all times material herein, in light of the state of the art existing at the time of the medical malpractice as alleged herein, the Defendants, individually and/or through their agents or employees, owed a duty to Plaintiffs pursuant to the medical professional relationship that existed between them, and/or owed the following duties to Plaintiffs, as a third-party beneficiary pursuant to the implied and/or expressed contract between them, Defendants, **Jennifer Young FNP, and Laurie A. Gee NP**

breached the aforementioned duties in at least one and possibly more of the following particulars, so far as it is presently known, by failing:

a. To exercise reasonable skill and diligence to timely prescribe heparin in addition to aspirin to Plaintiff Courtney Hershberger for her positive lupus anticoagulant test and her history of 2 prior pregnancy losses.

b. To exercise reasonable skill and diligence to timely prescribe heparin in addition to aspirin to Plaintiff Courtney Hershberger for her positive lupus anticoagulant test.

c. To exercise reasonable skill and diligence to timely prescribe heparin in addition to aspirin to Plaintiff Courtney Hershberger for her history of 2 prior pregnancy losses.

d. To exercise reasonable skill and diligence to timely notify the supervising OB/GYN to timely prescribe heparin in addition to aspirin to Plaintiff Courtney Hershberger for her actual and/or presumed diagnosis of ASP (Anti-phospholipid syndrome).

e. To exercise reasonable skill and diligence to timely review Plaintiff's medical chart, and timely learn that Plaintiff Courtney Hershberger had a positive Anti-phospholipid syndrome test.

f. To exercise reasonable skill and diligence to timely review Plaintiff's medical chart, and timely learn that Courtney was to "**take ASA (aspirin) and heparin**" for her positive lupus anticoagulant diagnosis as soon as she became pregnant.

g. To exercise reasonable skill and diligence to timely tell the doctor that Plaintiff was positive lupus anticoagulant, and needed to take **"ASA (aspirin) and heparin,"** during her pregnancy.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

## BREACHES OF THE STANDARD OF PRACTICE OR CARE IN THIS CASE BY ELAINE PRIEST RN AND TONIA PETRUSKA LPN

71. That at all times material herein, in light of the state of the art existing at the time of the medical malpractice as alleged herein, the Defendants, individually and/or through their agents or employees, owed a duty to Plaintiffs pursuant to the medical professional relationship that existed between them, and/or owed the following duties to Plaintiffs, as a third-party beneficiary pursuant to the implied and/or expressed contract between them, **Elaine Priest RN, Tonia Petruska LPN,** breached the aforementioned duties in at least one and possibly more of the following particulars, so far as it is presently known, by failing:

    a. To exercise reasonable skill and diligence to tell the supervising OB/GYN and/or the nurse practitioner to timely prescribe heparin in addition to aspirin to Plaintiff Courtney Hershberger for her positive lupus anticoagulant test and her history of 2 prior pregnancy losses.

    b. To exercise reasonable skill and diligence to timely tell the supervising OB/GYN  and/or nurse practitioners prescribe heparin in addition to aspirin to Plaintiff Courtney Hershberger for her positive lupus anticoagulant test.

    c. To exercise reasonable skill and diligence to timely notify the nurse practitioner Laurie Gee to timely prescribe heparin in addition to aspirin to Plaintiff Courtney Hershberger for her actual and/or presumed diagnosis of ASP (Anti-phospholipid syndrome).

    d. To exercise reasonable skill and diligence to timely review Plaintiff's medical chart, and timely learn that Plaintiff Courtney Hershberger had a positive Anti-phospholipid syndrome test.

    e. To exercise reasonable skill and diligence to timely review Plaintiff's medical chart, and timely learn that Courtney was to "**take ASA (aspirin)**

15

**and heparin"** for her positive lupus anticoagulant diagnosis as soon as she became pregnant.

## CHAIN OF COMMAND - RULES, REGULATIONS, POLICIES, GUIDELINES AND/OR PROCEDURES

72.  That the standard of practice required that corporate Defendants herein have established and promulgated, rules, regulations, policies, guidelines and/or procedures for a well-defined "chain of command" to be followed when a nurse identifies, or in the exercise of reasonable skill and diligence should identify, that a patient's needs are not being met and the nurse is unable to resolve the problem when (a) the physician caring for the patient has not or is not responding to the patient's needs and/or caring for a patient who is deteriorating; and/or (b) the physician caring for the patient has ordered and/or given treatment or medications believed to be harmful, or pose a risk of harm to the patient.  The standard of care of Corporate Defendants here require the chain of command specify that the nurse first present and communicate the issue to the physician who is rendering the care and treatment and/or who gave the questionable orders and/or failed to act appropriately, then to go to successively higher levels of authority in the hospital's hierarchy (i.e., her direct supervisor, her supervisor's manager, or chief of the department) who can then use their position to accelerate a response until there is a satisfactory and appropriate resolution to the situation.  That in violation of the standard of care, Corporate Defendants herein failed to follow the standard of care as enumerated herein.

### DOCUMENTATION

73.  That the standard of practice required that Corporate Defendants' "chain of command" protocol, rules, regulations, policies, guidelines, and/or procedures mandate that nurses document in the patient's chart the steps the nurse has taken to go up the chain of command and identify the problem or situation.   That in violation of the standard of care, corporate Defendants herein failed to follow the standard of care as enumerated herein.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

NURSE'S RESPONSIBILITY TO USE CHAIN OF COMMAND

74. That the standard of practice required corporate Defendants' "chain of command" protocol, rules, regulations, policies, guidelines, and/or procedures specify that it is the nurse's responsibility to use the chain of command whenever in the nurse's professional judgment an intervention is necessary to protect the health or well-being of a patient when it is being compromised by another practitioner's inability and/or questionable acts and/or unwillingness and/or failure to act. That in violation of the standard of care, corporate Defendants herein failed to follow the standard of care as enumerated herein.

75. That MCL § 600.2922 provides, in part:

Sec. 2922. (1) Whenever the death of a person, injuries resulting in death, or **death as described in section 2922a** shall be caused by wrongful act, neglect, or fault of another, and the act, neglect, or fault is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages, the person who or the corporation that would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured or death as described in section 2922a , and although the death was caused under circumstances that constitute a felony.

76. That MCL § 600.2922a provides, in part:

Wrongful or negligent act resulting in miscarriage, stillbirth, or physical injury; liability; exceptions; "physician or other licensed health professional" defined. Sec. 2922a. (1) A person who commits a wrongful or negligent act against a pregnant individual is liable for damages if the act results in a miscarriage or stillbirth by that individual, or physical injury to or the death of the embryo or fetus.

77. Defendant United States of America is liable herein by virtue of its independent negligence and/or under the doctrine of RESPONDEAT

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

SUPERIOR for the acts and/or omissions of its agents, servants, and/or employees, and other persons who rendered care, treatment or medical services to Plaintiffs under some concession arrangement because of their apparent authority to be the agents, servants and/or employees of Defendant clinic.

78. Defendant United States of America is liable herein for negligence / malpractice under the doctrine of RESPONDEAT SUPERIOR for the acts and/or omissions of its agents, servants, and/or employees, and other persons who rendered care, treatment or medical services to Plaintiffs under some concession arrangement because of their apparent authority to be the agents, servants and/or employees of Defendant.

79. That at all times material herein, the injuries and/or damages suffered by the Plaintiffs were more probably than not proximately caused by the negligence/malpractice of the Defendant, United States of America, its agents, servants and/or employees, either real or ostensible.

80. That Defendant Lakeland Medical Practices, d/b/a Southwestern Medical Clinic-Niles is liable herein for negligence / malpractice under the doctrine of RESPONDEAT SUPERIOR for the acts and/or omissions of Dr. Karen Zienert, Jennifer Young NP and Laurie Gee NP, its agents, servants, and/or employees, and other persons who rendered care, treatment or medical services to Plaintiff, Courtney Hershberger and Plaintiff's decedent, A.G.

81. That Defendants and each of them, their agents, servants and/or employees, changed and/or altered the records herein in violation of the standard of care and/or Michigan statutes.

82. That Defendant USA and Corporate Defendant, Lakeland Medical Practices, d/b/a Southwestern Medical Clinic-Niles were guilty of independent negligence to Plaintiffs by carelessly and/or negligently permitting Dr. Zienert and nurses, and other personnel, to be employed by them, when these Defendants knew or in the exercise of reasonable care should have known, that said doctors were unfit to render medical care and attention to Plaintiff and Plaintiff's decedent by reason of their inexperience and/or habitual negligent conduct.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

18

# VI.

## **PLAINTIFFS' DAMAGES**

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

83.  That Courtney Hershberger has been duly appointed by the Probate Court for the County of Berrien, Michigan, Personal Representative of the Estate of A.G., Deceased, who departed this life on 2/8/2019, and said personal representative is a resident of the City of Niles, County of Berrien, Michigan.  That Courtney Hershberger is acting under and by virtue of Letters of Authority issued by the Probate Court. **(Exhibit A)**

84.  That A.G., Deceased, left surviving as his heirs at law and next of kin, the following persons with the following relationships: Courtney Hershberger (mother and Personal Representative), Robert James Garsee Jr. (father), Tammy Russell (Maternal Grandmother), Timothy Hershberger (maternal grandfather),  Ruth Ann Stewart (maternal great grandmother), George Tabbert Jr. (maternal great grandfather).

85.  That at all times material herein, the injuries and/or damages suffered by the Plaintiff's decedent were more probably than not proximately caused by the negligence/malpractice of the Defendants, their agents, servants and/or employees, either real or ostensible.

86.  That Plaintiff's decedent A.G. sustained personal injuries as a direct and proximate result of Defendant's negligence and malpractice as herein alleged.

87.  That as a direct and proximate result of the malpractice and negligence of the Defendants their agents, servants and/or employees, either real or ostensible, as alleged herein, Plaintiff's decedent, A.G., sustained personal injuries, conscious pain and suffering and death.

88.  That as a direct and proximate result of the malpractice and negligence of the Defendants as herein alleged, Plaintiff's decedent, A.G. suffered loss of enjoyment of life, hedonic damages. (See Nice v Chesapeake & O.R. Co.

(1964, W.D. Mich) 305 F Supp 1167 (applying Michigan law); <u>Dyer v U.S.,</u> (1982, W.D. Mich) 551 F Supp 1266 (applying Michigan law).

89.   That as a direct and proximate result of the negligence and malpractice as herein alleged of Defendants, their  agents, servants and/or employees, either real or ostensible, as aforesaid, the injured Plaintiff's decedent A.G..:

     A.    sustained severe and permanent bodily injuries which were painful, disabling and necessitated medical care; and/or

     B.    suffered shock, mental anguish, fright and emotional damage; and/or

     C.    sustained possible aggravation of pre-existing conditions and/or reactivation of dormant conditions; and/or

     D.    hampered said Plaintiff's decedent in the enjoyment of the normal pursuit of life; and/or

     E.    any other damages which are applicable and which are recoverable pursuant to statute, case law and Michigan court rules.

90.   That at all times material herein, Plaintiff Courtney Hershberger was not at fault and/or was not negligent.

91.   That at all times material herein, as a direct and proximate result of the negligence of Defendant, and its agents, servants and/or employees, either real or ostensible:

     a.    Plaintiff A.G., prior to his death, had permanently impaired cognitive capacity rendering him incapable of making independent, responsible life decisions and permanently incapable of independently performing the activities of normal daily living.

92.   That the within cause is brought on behalf of said Estate and the heirs and next of kin of said decedent to recover for the conscious pain and suffering suffered by Plaintiff's decedent prior to his death, the loss of love, affection, companionship, services, instruction, guidance, advice,

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan  48075-1221

(248) 354-2222

gifts, inheritance, support, and income services sustained by Plaintiff's decedent's heirs at law and next of kin as a result of the death of Plaintiff's decedent, A.G. the funeral and burial expenses and any and all other amounts recoverable under the statutes and case law of the State of Michigan by the heirs, next of kin, and/or Estate of said deceased.

93.   That the within cause of action is brought on behalf of said estate and the heirs and next of kin of said decedent to recover for all damages, both past and future, permitted by law, including, but not limited to, conscious pain and suffering suffered by Plaintiff's decedent prior to his death, loss of love, affection, companionship, society, loss of services, loss of gifts and valuable gratuities, loss of parental training and guidance, mental suffering and sorrow, hedonic damages, any other damages sustained by Plaintiff's decedent's heirs at law and next of kin as a result of the death of Plaintiff's decedent, A.G., and any and all other amounts recoverable under the statues and the case law of the State of Michigan by the heirs, next of kin and/or the Estate of said deceased.

94.   That the within cause is brought on behalf of said estate and the heirs and next of kin of said decedent to recover for any and all damages, both past and future, pursuant to law, including, but not limited to one or more of the following:  medical care, treatment, expenses, other related expenses, funeral and burial expenses, lost wages, loss of ability to work, future loss of income, impaired earning capacity, loss of expected inheritance, loss of society and companionship, loss of services, instruction, guidance, care, loss of gifts and valuable gratuities, inheritance, loss of economic opportunity, loss of financial support, hedonic damages, and any and all other amounts recoverable under the statues and the case law of the State of Michigan by the heirs, next of kin and/or the Estate of said deceased.

WHEREFORE, Plaintiffs respectfully request that the Court grant judgment against Defendants, jointly and severally, in whatever amount Plaintiffs are found to be entitled to compensatory damages; and for penalties, and Plaintiffs' actual attorney fees, plus interests and costs.

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222

Respectfully Submitted,


s/*Ardiana Culaj*
Attorney for Plaintiffs
The Thurswell Law Firm
1000 Town Center, Ste. 500
Southfield, MI  48075
(248) 354-2222
aculaj@thurswell.com (P71553)

Dated: 6/15/2022

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan  48075-1221

(248) 354-2222

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF A.G., DECEASED
By COURTNEY HERSHBERGER, Personal Representative, and Mother of
A.G., and COURTNEY HERSHBERGER, individually

     Plaintiffs,

vs.                            Case No.
                                Hon.

UNITED STATES OF AMERICA,
LAKELAND MEDICAL PRACTICES a, Mich. Corp.,
d/b/a SOUTHWESTERN MEDICAL CLINIC-NILES
KAREN ZIENERT M.D.,
JENNIFER YOUNG NP,
LAURIE GEE, NP
     Jointly and severally

     Defendants,

_____/
GERALD THURSWELL (P21448)
ARDIANA CULAJ (P71553)
THE THURSWELL LAW FIRM P.L.L.C.
Attorney for Plaintiffs
1000 Town Center, Suite 500
Southfield, MI 48075
(248) 354-2222
_____/

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221
(248) 354-2222

## **DEMAND FOR JURY**

     NOW COME the above-named Plaintiff, by and through their attorneys,

THE THURSWELL LAW FIRM, P.L.L.C., and hereby make formal demand

for a trial by jury of the facts and issues involved in this cause of action against the Defendants Lakeland Medical Practice, a Mich. Corp d/b/a Southwetsern Medical Clinic-Niles, Dr. Karen Zienert, Jennifer Young, and Laurie Gee NP., and its employees and/or agents, either real or ostensible.

Respectfully Submitted,

s/*Ardiana Culaj*
Attorney for Plaintiff
The Thurswell Law Firm
1000 Town Center, Ste. 500
Southfield, MI 48075
(248) 354-2222
aculaj@thurswell.com (P71553)

Dated: 6/15/2022

THE THURSWELL LAW FIRM, P.L.L.C.
Attorneys at Law
1000 TOWN CENTER
SUITE 500
Southfield, Michigan 48075-1221

(248) 354-2222